UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW WILLIAMS, | ) | CASE NO. ED CV 13-146-PJW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| G.D. LEWIS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition is denied and the action is dismissed with prejudice.

I.

SUMMARY OF PROCEEDINGS

A. State Court Proceedings

On August 30, 2011, in San Bernardino County Superior Court, Petitioner pled guilty to voluntary manslaughter and assault with a firearm. He also admitted that he had personally used a firearm in the commission of the offenses. (Lodgment No. 1 at 34.) Pursuant to a plea agreement, he was sentenced to 21 years in prison. (Lodgment No. 1 at 34.) Petitioner did not appeal. Instead, on September 4, 2012, he filed a habeas corpus petition in the California Supreme

Court, which was denied on November 14, 2012.  (Lodgment Nos. 2, 3.) Thereafter, on January 18, 2013, he filed a habeas corpus petition in the California Court of Appeal, which was denied on February 4, 2013. (Lodgment Nos. 4, 5.)

B.   **Federal Court Proceedings**

On January 24, 2013, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus in this court, claiming that the trial court unlawfully imposed an upper-term sentence without setting forth a statement of facts and reasons on the record for doing so, in violation of state law and *Cunningham v. California*, 549 U.S. 270, 274-75 (2007).  (Petition for Writ of Habeas Corpus ("Petition") at 5; Memorandum of Points and Authorities ("Pet. Memo.") at 2.)  He also claimed that his resulting 21-year sentence was "cruel and unusual," in violation of the Eighth Amendment to the United States Constitution.  (Pet. Memo. at 8.)

II.

STATEMENT OF FACTS

There was no preliminary hearing (or trial) in this case because Petitioner pled guilty at an early stage.  The following factual statement was taken verbatim from the Probation Officer's Report:

> On 07/10/10 there was a house party on Briarwood in Fontana.  There were two young men acting as "bouncers" at the door.  They turned away a group of young men at the door because they had not been invited.  After the group was turned away, they remained in the street in front of the house.  After what was described as an "amiable" exchange between the "bouncers" and the group, the group left.  Approximately five minutes later, the same group returned to Briarwood.  There was

what was described as a "barrage of gunfire that appeared to come from two or three different guns." Three people ended up getting shot: Victim 1 was shot in the head and died at the scene. Victims 2 and 3 were standing in the front yard and were shot in the legs. There was a fourth victim who was sitting in his car in the driveway. He was not wounded, but his car was covered with bullet holes.

Through their investigation, and in cooperation with Rialto PD and the FBI, Fontana PD officers learned that the shooting was gang-related and involved "NAW" gang members and "Hustler Squad" members. Officers were put in touch with a confidential informant, who identified [Petitioner] as the shooter who shot Victim 1.

On 10/15/10, [Petitioner] was contacted by police during a gang warrant sweep. He agreed to talk to the police about the homicide investigation. Over the course of the interview, [Petitioner] admitted to having a .45 caliber gun, being in the street in front of the house, and shooting at the house. [Petitioner] claimed that he was returning fire, and was shooting in self-defense. [Petitioner] was then arrested.

(Lodgment No. 1 at 38.)

Petitioner was initially charged with one count of murder and three counts of attempted murder. (Lodgment No. 1 at 1-6, 38.) It was also alleged that he intentionally discharged a firearm that caused great bodily injury in the commission of the crimes. (Lodgment No. 1 at 39.) In exchange for his plea, the prosecution dropped the murder and attempted murder charges and allowed Petitioner to plead guilty to voluntary manslaughter and assault with a firearm.

## III.

## STANDARD OF REVIEW

The standard of review in federal habeas proceedings is set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, there is no reasoned state court decision with respect to Petitioner's claims. Petitioner first raised the instant claims in his habeas petition in the state supreme court. That court denied the claims by citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Dixon*, 41 Cal.2d 756, 759 (1953); and *In re Swain*, 34 Cal.2d 300, 304 (1949). (Lodgment No. 3.) Respondent argues that these citations mean that Petitioner's claims are procedurally barred. (Memorandum of Points and Authorities in Support of Answer at 8-9.) In this instance, because it is easier to address the merits than the procedural issues, the Court has chosen to bypass the procedural default issue. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25

4

(1997)("We do not mean to suggest that the procedural-bar issue must invariably be resolved first [given constraints of judicial economy]"); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002). Because the state courts did not reach the merits of Petitioner's claim, the Court must conduct a *de novo* review of the claims to determine if a constitutional violation occurred. *See Cone v. Bell*, 556 U.S. 449, 472 (2009) ("Because the [state] courts did not reach the merits of [Petitioner's] claim, federal habeas review is not subject to the deferential standard that applies under [28 U.S.C. § 2254(d)]. . . . Instead, the claim is reviewed *de novo*.").

## IV.
## DISCUSSION

A.  <u>The Trial Court's Imposition of an Upper-Term Sentence Was Constitutional</u>

Petitioner contends that the trial court "erroneously" sentenced him to the upper-term sentence on both the attempted murder conviction and the use of a firearm allegation without filing a statement of reasons four days in advance of sentencing--which is required under state law. He argues that, in failing to do so, the court violated the Supreme Court's mandate in *Cunningham*. (Pet. Memo. at 2-7.) For the following reasons, this claim is rejected.

Petitioner acknowledges, but fails to recognize the significance of the fact that, in the wake of *Cunningham*, the California legislature amended the state sentencing law in March 2007 to allow trial judges the discretion to sentence defendants to the upper term. Petitioner pled guilty and was sentenced in August 2011, long after the new law took effect, and, therefore, the trial court's upper-term sentence did not violate the Constitution. *See*, *e.g.*, *Juarez v.*

*Allison*, 2011 WL 3654449, at *5 (C.D. Cal. Mar. 22, 2011) (finding "the upper term is the statutory maximum" under revised law); Cal. Penal Code § 1170(b) (as amended, effective March 30, 2007). Furthermore, even without the change in the state law, Petitioner's sentence would not have run afoul of *Cunningham* because it was pursuant to a plea agreement, which takes it out of the bounds of *Cunningham*. *See Graves v. Salazar*, 2011 WL 6942080, at *6 (C.D. Cal. Sept. 30, 2011); *see also Russell v. Martel*, 2011 WL 6817690, at *5 (C.D. Cal. Aug. 9, 2011) (holding Supreme Court has never held that an upper-term sentence imposed pursuant to a plea agreement violates *Cunningham*). Because Petitioner agreed to a sentence of 21 years in exchange for the prosecution's agreement to drop a murder charge and three attempted murder charges, the trial court was not bound by the mandates of *Cunningham.*

Finally, Petitioner contends that his 21-year prison sentence constitutes cruel and unusual punishment. This argument is rejected. "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citation omitted). In noncapital cases, only sentences that are "grossly disproportionate" to the crime are forbidden. *Id.* at 23. A sentence that is consistent with state law is unconstitutional only when a "threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 30. Here, it clearly does not. Petitioner pled guilty to voluntary manslaughter and assault with a firearm, crimes that caused the death of one person and gunshot wounds to two others. The United States Supreme Court has brushed aside constitutional challenges in cases involving much less

serious offenses. *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (rejecting Eighth Amendment challenge to mandatory life term without possibility of parole for possession of 672 grams of cocaine by petitioner with no prior felony convictions); *see also Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998) (affirming denial of Eighth Amendment challenge to fifteen-years-to-life sentence for aiding and abetting second-degree murder). Accordingly, there was no constitutional error in Petitioner's sentence.

V.

CONCLUSION

For these reasons, the Petition is denied and the action is dismissed with prejudice. Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

DATED: July 23, 2013        , 2013

*(signature)*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\WILLIAMS, M 146\memo opinion.wpd